UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAURIE CASAS,

                        Plaintiff,                              Civil Action No.:

        v.                                            **COMPLAINT**

LASER STUDIO PLUS CORP d/b/a
LASH WONDERLAND, IRINA KHAIMOV,
and OLEG GOUIVAN,                          **Jury Trial Demanded**

                        Defendants.
------------------------------------------------------------X

       Plaintiff Laurie Casas ("Plaintiff"), by and through her undersigned counsel, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, as and for her Complaint in this action against Defendants LASER STUDIO PLUS CORP d/b/a LASH WONDERLAND, IRINA KHAIMOV, and OLEG GOUIVAN hereby alleges as follows:

### INTRODUCTORY STATEMENT

1. On April 12, 2017, within 2 weeks after commencing her employment as an eyelash extender specialist and cosmetologist with LASER STUDIO PLUS CORP d/b/a LASH WONDERLAND ("LASER STUDIO"), Plaintiff was subjected to unwelcomed physical touching, assault, and sexual harassment by Defendant OLEG GOUIVAN ("GOUIVAN"), who was her boss at Defendant LASER STUDIO located at 37 West 26th Street, New York, NY.  Defendant GOUIVAN physically assaulted Plaintiff at LASER STUDIO and touched her in a sexual manner without her consent.  Defendant IRINA KHAIMOV managed and co-owned LASER STUDIO and had notice of GOUIVAN's assault.

2. Defendant GOUIVAN was arrested and charged with four (4) misdemeanors.

## NATURE OF THE CLAIMS

3. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices in violation of the New York State Human Rights Law, NY Executive Law §§290, et seq. ("NYSHRL"), and the New York City Administrative Code §§ 8-101, et seq. ("NYCHRL"). Specifically, Plaintiff asserts a claim under NY Executive Law §296(1)(a) and New York City Administrative Code §8-107.

4. Defendants' conduct is also in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII").

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII").

6. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 USC § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendant LASER STUDIO does business in the State of New York and is subject to personal jurisdiction in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PROCEURAL REQUIREMENTS

8. Following the commencement of this action, a copy of this Complaint will be served on the New York City Commission on Human Rights and the Office of the Corporation

Counsel of the City of New York, thereby satisfying the notice requirement of § 8-502 of the New York City Administrative Code.

9. Prior to the commencement of this action and within the statutory time period, Plaintiff filed a charge of sexual harassment with the EEOC.

10. Plaintiff received a Notice of Right to Sue from the EEOC on July 12, 2017.

11. The within suit is being filed with the statutory time period from the date of the Notice of Right to Sue from the EEOC.

12. Any and all other prerequisites to the filing of this action have been met.

## PARTIES

13. Plaintiff, a former employee of Defendant LASER STUDIO, resides in Brooklyn, New York. At all relevant times, Plaintiff worked in New York City and met the definition of an "employee" under all applicable statutes throughout her employment with Defendant.

14. Defendant LASER STUDIO is a domestic business corporation organized and duly existing under the laws of the State of New York with a principal place of business at 37 West 26th Street, New York, NY. At all relevant times herein, Defendant LASER STUDIO was and is an "employer" under all relevant statutes.

15. Defendant GOUIVAN, the owner of Defendant LASER STUDIO, resides in Brooklyn, New York.

16. Defendant KHAIMOV, the manager and co-owner of Defendant LASER STUDIO, resides in Brooklyn, New York.

## FACTUAL ALLEGATIONS

17. On or about March 31, 2017, Plaintiff, a female, commenced her employment at Defendant LASER STUDIO after receiving her certification is eyelash extension on February 12, 2017.

18. Plaintiff was hired by Defendant KHAIMOV to work at Defendant LASER STUDIO solely to apply eyelash extensions to paying customers, as that was what she was trained to do. She was not trained as a professional masseuse or professional hair stylist.

19. Plaintiff was paid per customer in compensation and salary.

20. Prior to the within actions complained of herein, Plaintiff's customers were satisfied with her job performance and she received no complaints.

21. On April 12, 2017, Defendant KHAIMOV introduced Plaintiff to Defendant GOUIVAN.

22. Defendant KHAIMOV told Plaintiff that Defendant GOUIVAN was an owner and partner with her in the LASER STUDIO business.

23. As a result of being part owner of LASER STUDIO, Defendant GOUIVAN was Plaintiff's employer.

24. Defendant GOUIVAN remained at the LASER STUDIO premises while Plaintiff worked on clients.

25. While Plaintiff serviced clients, Defendant GOUIVAN sat at a table in a corner of the studio, consuming an alcoholic beverage that he requested the Plaintiff share with him.

26. Plaintiff repeated refused to accept the drink from Defendant GOUIVAN, which made Defendant GOUIVAN increasingly agitated and hostile with the Plaintiff.

27. At approximately 8:08 pm, Defendant GOUIVAN walked up behind Plaintiff, who was with a client whose eyes were closed, slid his hand inside Plaintiff's shirt, and grabbed Plaintiff's breast.

28. Plaintiff pushed Defendant GOUIVAN's hand away, and fled to a corner of the studio.

29. Defendant GOUIVAN followed Plaintiff while she was walking away.

30. Defendant GOUIVAN spun Plaintiff around when she reached the far side of the studio, and backed her up against a wall where he forcibly held her.

31. Defendant GOUIVAN then kissed Plaintiff by thrusting his tongue into her mouth.

32. Plaintiff pushed Defendant GOUIVAN off of her and tried to flee.

33. Defendant GOUIVAN held her arm and said, in sum and substance, "If you want to leave you will have to sleep with me."

34. Plaintiff grabbed a pair of scissors that were accessible and pointed them at Defendant GOUIVAN.

35. As a result, Plaintiff was able to successfully get away from Defendant GOUIVAN.

36. Plaintiff then fled the premises, and called 911.

37. Defendant GOUIVAN was arrested at approximately 9:00pm by the New York City Police Department.

38. Plaintiff advised Defendant KHAIMOV and Defendant GOUIVAN that she would not return to work at Defendant LASER STUDIO due to Defendant GOUIVAN's unwanted and sexual conduct.

39. Defendant GOUIVAN remained in police custody until he was released on bail on June 1, 2017.

40. Defendant GOUIVAN did not show up for Court on September 25, 2017, and a warrant was issued for his arrest by the Criminal Court of the City of New York.

41. Defendant LASER STUDIO, Defendant KHAIMOV and Defendant GOUIVAN's disparate treatment of the Plaintiff on the basis of her gender was in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law and the New York City Human Rights Law.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII of the Civil Rights Act of 1964)

42. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

43. Plaintiff establishes a prima facie case of discrimination with evidence by showing 1) that she is in a protected class, 2) that she qualifies for the position, 3) that she suffered an adverse employment action for circumstances for which inference of discrimination may be made. *McDonnell Douglass Corp. v. Green*, 491 U.S. 792 (1973). Further Title VII requires an unlawful reason need only be the motivating factor in the adverse employment action.

44. Plaintiff is a member of a protected class because she is a woman.

45. Plaintiff was subjected to harassment and a hostile work environment to the point where she had no choice but to leave her place of employment based upon the behavior and conduct of Defendant GOUIVAN and the failure of Defendant KHAIMOV and Defendant LASER STUDIO to stop the harassment.

46. Defendants' behavior was clearly discriminatory and as a result of Defendants' actions, Plaintiff experienced severe deterioration of her physical and emotional health, together with anxiety, emotional pain and suffering and loss of enjoyment of life.

## SECOND CAUSE OF ACTION
### (Sexual Harassment and Gender Discrimination under the NYSHRL)

47. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

48. Defendants have discriminated against Plaintiff on the basis of her gender in violation of the NYSHRL by subjecting Plaintiff to disparate treatment based upon her gender including, but not limited to, subjecting her to sexual harassment and a hostile work environment.

49. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

50. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for this she is entitled to an award of monetary damages and other relief.

51. Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights under the NYSHRL for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Sexual harassment and Gender Discrimination under the NYCHRL)

52. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

53. Defendants have discriminated against Plaintiff on the basis of her gender in violation of the NYCHRL by subjecting Plaintiff to disparate treatment based upon her gender including, but not limited to, subjecting her to sexual harassment and a hostile work environment.

54. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

55. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for this she is entitled to an award of monetary damages and other relief.

56. Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights under the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

57. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

58. Defendants' harassing and discriminatory conduct towards Plaintiff, as described above, was extreme and outrageous conduct.

59. Defendants' conduct was intentional in causing and producing the emotional distress suffered by Plaintiff, and Defendants acted in deliberate disregard of a high probability that emotional distress would occur or it was substantially certain that such harm would occur.

60. Defendants' conduct caused Plaintiff to suffer severe emotional distress that no reasonable person should be expected to endure.

61. Given the fact that Defendant KHAIMOV and Defendant GOUIVAN were the owners of Defendant LASER STUDIO, both Defendant KHAIMOV and Defendant GOUIVAN was aware of Defendant GOUIVAN's conduct, Defendant LASER STUDIO is liable for Defendant GOUIVAN's unlawful and inappropriate conduct towards Plaintiff.

62. Defendants acted with actual malice and/or with a wanton and willful disregard and the imposition of punitive damages is warranted.

63. As a direct and proximate result of Defendants' tortuous conduct, Plaintiff has suffered the injuries, damages and losses set forth herein, including severe emotional distress.

64. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' intentional infliction of emotional distress and until the Court grants the relief requested herein.

## DEMAND FOR JURY TRIAL

65. Pursuant to FRCP Rule 38 and related provisions of law, Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A Declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, the State of New York, and the City of New York;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical and mental injuries;

D. An awarded to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

E. An award of punitive damages;

F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

Dated: October 11, 2017
      Brooklyn, NY

                        Respectfully submitted,

                        ABRAMS, FENSTERMAN, FENSTERMAN,
                        EISMAN, FORMATO, FERRARA, WOLF, &
                        CARONE, LLP

By: _____
                        Rachel D. Gold
                        Melanie I. Wiener
1 MetroTech Ctr, Suite 1701
Brooklyn, NY 11201
Telephone: (718) 215-5300
Facsimile: (718) 215-5304
rgold@abramslaw.com
mwiener@abramslaw.com

*Counsel for Plaintiff*